IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

TIMOTHY GREENE,                §
                               §
        Petitioner,            §
                               §
v.                             § Civil Action No. 4:19-CV-160-Y
                               §
MAUREEN UNDERWOOD, Warden      §
FCI-Seagoville,                §
                               §
        Respondent.            §

## **OPINION AND ORDER**

Before the Court is a Petition for a Writ of Habeas Corpus under U.S.C. § 2241 filed by petitioner Timothy Greene, a federal prisoner confined at FCI-Seagoville in Seagoville, Texas. After considering the pleadings and relief sought by Petitioner, the related briefs and the applicable law, the Court concludes that the § 2241 petition must be dismissed.

## **I. BACKGROUND/CLAIM FOR RELIEF**

Petitioner Timothy Greene was convicted in this Court of three counts of bank robbery in violation of 18 U.S.C. § 2113(a) and carrying a firearm during and in relation to the commission of a crime of violence in violation of 18 U.S.C. § 924(c). *United States v. Greene*, No.4:04-CR-005-Y(1)(N.D. Tex. August 31, 2014). Greene was sentenced to an aggregate term of imprisonment of 222 months. At this time, the Bureau of Prisons ("BOP") shows Greene's projected release date as August 6, 2019. See www.bop.gov/inmate

locator (last visited April 5, 2019).

In the petition, Greene alleges that his current scheduled release date of August 6, 2019, is no longer correct. Specifically, he cites to the passage of the First Step Act of 2018 ("FSA 2018") as entitling him to additional days of good-conduct time ("GCT") credits. (Pet. (doc. 1) at 5.) Greene writes:

> The BOP has my release scheduled for [8/6/2019], but by law I must be released on 3/29/2019. The BOP has refused to make this change. Anticipated continued custody beyond that date will comprise illegal detention. On 8/30/2004 I was sentenced to an aggregate 222-month term of imprisonment, which calculation commenced on 10/5/2004 with 467 days' prior credit time (the sentencing Court reaffirmed this to the BOP on 8/9/2018). Based on the old GCT (good time) law I was entitled to 870 days' credit and my PRD (projected release date) was 8/6/2019. The passage of the FIRST STEP Act entitled me instead to 999 days' GCT (i.e., 54 days X 18½ years), and as I've earned every one of those days my PRD ought to be 3/29/2019.

*Id.* at 5. The Respondent has filed a response arguing that Greene has failed to exhaust administrative remedies, that his sentence calculation is correct under existing law, and that the portion of the FSA 2018 regarding GCT calculation is not yet effective. (Resp.(doc. 11) at 9–16.) Greene has filed a reply and an amended reply, and he seeks expedited disposition. (Docs. 13 and 14.)

**II. ANALYSIS**

Section 102(b)(1) of the First Step Act of 2018, Public Law No. 115-391, amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the prisoner's sentence imposed by the court, rather than for each year of the sentence served, effectively abrogating *Barber v. Thomas*,

2

560 U.S. 474, 476 (2010)(upholding the BOP's method of awarding good-time credit at the end of each year the prisoner served). *See* Public Law 115-391, 132 Stat. 5194, § 102(b)(1). But the good-time calculation provisions of the FSA 2018 amending § 3624(b) did not become effective when the law was signed on December 21, 2018. *See Banegas v. Wilson*, No. 4:19-CV-178-A (N.D. Tex. Mar. 26, 2019) (McBryde, J.); *Roy v. Bureau of Prisons*, No. 2:19-CV-59-RMP, 2019 WL 1441622, at *1 (E.D. Wash. April 1, 2019). Rather, the good-time-credit change will not take effect until the attorney general completes the "risk and needs assessment system" required to be completed within 210 days after the December 21, 2018 enactment, as provided by §§ 101(a) and 102(b)(2) of the FSA 2018. *See Schmutzler v. Quintana*, No.5:19-046-DCR, 2019 WL 727794, at *2 (E.D. Ky. Feb. 20, 2019). Therefore, § 102(b)(1) will not take effect until approximately mid-July 2019. *Id.; Banegas*, No. 4:19-CV-178-A (doc. 7.)

Federal courts are limited under Article III of the Constitution to deciding "cases" and "controversies." U.S. CONST. art. III, § 2. "In order to give meaning to Article III's case-or-controversy requirement, the courts have developed justiciability doctrines, such as the standing and ripeness doctrines." *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005)(citing *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000) and *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 650 (1992)). The ripeness doctrine is designed "to prevent the courts, through avoidance of

premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Id.* (quoting *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08 (2003)(internal citations omitted).

Because the BOP does not presently have the authority to recalculate Greene's good-time credit until the relevant provisions of the FSA 2018 take effect in approximately mid-July 2019, the question of whether the BOP has erred in the calculation of Greene's sentence is premature. *Accord Banegas v. Wilson,* No.4:19-CV-178-A (N.D. Tex. Mar. 26, 2019)(dismissing § 2241 petition seeking re-calculation of good-time credits as premature)(McBryde, J.); *Gossman v. Underwood*, No.3:19-CV-351-G (BK) (N.D. Tex. April 1, 2019)(Fish, J.)(adopting findings, conclusions, and recommendation to dismiss § 2241 petition seeking recalculation of good-time without prejudice as premature); *Roy v. BOP*, 2019 WL 1441622 at *2 (discussing "ripeness" doctrine and finding that § 2241 petition challenging good-time under the FSA was premature). Accordingly, Greene's present petition under § 2241 must be dismissed without prejudice.[1]

---

[1] Because the case is not ripe at this time, the Court does not reach the arguments regarding exhaustion of remedies or the accuracy of the present calculation of Greene's sentence.

4

**III. ORDER**

For the reasons discussed herein, petitioner Timothy Greene's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** without prejudice.

All pending motions are dismissed.

SIGNED April 9, 2019.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE